Henry Epstein, J.
Plaintiffs move to vacate defendants’ notice of examination or in the alternative to adjourn sine die the said notice until plaintiffs have completed their examination. Defendants cross-move to vacate plaintiffs’ notice of deposition or in the alternative to modify said notice by (a) adjourning the examination of Jean Dupuy until he comes into the jurisdiction and adjourning the examination of defendant Le Lievre *462 until 10 days after the disposition of a motion for summary judgment provided such motion is made within 10 days after the conclusion of the examination before trial of plaintiffs.
This is an action by attorneys to recover their fee for legal services. Such actions are based on contract or quasi contract, and priority of examination is generally granted to plaintiff. The defendant Jean Dupuy is presently in Switzerland undergoing neurological treatments. He is not expected to return to the United States until August, 1959. The defendant Le Lievre is in Paris on business and is expected to return to this country shortly.
Plaintiffs in their supplemental affidavit consent to an adjournment sine die for the examination of Jean Dupuy until they can determine the extent of his disability.
The facts presented by defendants in their affidavits do not move the court to set aside the ordinary priority of examination so that they may be entitled to examine first. That defendants will move this court for summary judgment after their examination of plaintiffs and thereby eliminate the necessity of plaintiffs’ examination of defendants is not determinative. It is speculation on the outcome of a motion in an action based on disputed facts.
Plaintiffs’ motion is granted and defendants’ cross-motion is denied.